IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| DERRANCE HARRIS, on behalf of himself and others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>GULFSTREAM RISK PARTNERS, LLC d/b/a SQUEEZE INSURANCE,<br><br>    *Defendant*. | Case No. 4:25-CV-00397-JM |

### DEFENDANT GULFSTREAM RISK PARTNERS, LLC d/b/a SQUEEZE INSURANCE'S MOTION FOR PHASED LIMITED DISCOVERY AND <u>MOTION FOR PROTECTIVE ORDER</u>

Defendant Gulfstream Risk Partners, LLC d/b/a Squeeze Insurance ("Squeeze"), by and through its attorneys, Storrings Law and Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., for its Motion to Conduct Limited Discovery, submits the following:

1. Plaintiff's claims should be compelled to arbitration pursuant to the Federal Arbitration Act ("FAA") because these claims are subject to a binding and enforceable arbitration agreement. *See* Motion to Compel Arbitration and Brief in Support, Docs. 12 and 13.

2. However, to the extent the Court determines the evidence is insufficient to grant the motion to compel arbitration, the Court should break the discovery period in this action into two phases: (1) discovery limited to the issue of contract formation, allowing the parties ninety (90) days to conduct such discovery and (2) discovery relevant to Plaintiff's underlying allegations.

1

3. These phased discovery requests should be limited, allowing each party to serve up to five interrogatories, five requests for production, up to five requests for admission, and no more than three depositions each.

4. This Court recognizes the propriety of phased discovery in the arbitration context, and courts nationwide recognize the propriety of phased discovery in TCPA actions.

5. Bifurcating discovery in this manner promotes efficient judicial administration and avoids prejudice to the parties.

6. Defense counsel met and conferred by phone with plaintiff's counsel on July 7, 2025 and again on July 30, 2025 regarding this request for limited discovery and the premature nature of the full-blown nature of the discovery that plaintiff has attempted to propound, but there was no agreement reached and Plaintiff objects to the relief requested.

7. Attached hereto as Exhibit 1 is the discovery propounded by plaintiff that defendant is requesting be quashed for now, without prejudice to its reissuing at the appropriate time.

WHEREFORE, for these reasons, and the reasons more fully set forth in its brief filed contemporaneously with this Motion, Squeeze requests the Court grant this motion and bifurcate the discovery period into two parts: (1) discovery relating to the issue of whether a valid and binding arbitration agreement exists; and (2) discovery relating to Plaintiff's remaining issues. The second phase of discovery should begin after the Court resolves the issue concerning assent to arbitration. Until the Court resolves that issue, the Court should enter an order that discovery in this case is limited to the issue of whether the parties assented to the arbitration agreement, and therewith enter an order quashing the discovery propounded by plaintiff. Defendant also prays for any and all relief to which it may be entitled.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 30, 2025 | Devin R. Bates (Ark. Bar No. 2016184)<br>Abigail Grimes (Ark. Bar No. 2024215)<br>MITCHELL, WILLIAMS, SELIG,<br>GATES & WOODYARD, PLLC<br>425 West Capitol Avenue, Suite 1800<br>Little Rock, Arkansas 72201<br>Telephone: (501) 688-8800<br>Fax: (501) 688-8807<br>*dbates@mwlaw.com*<br>*agrimes@mwlaw.com*<br><br>and<br><br>Harley Storrings (*Pro Hac Vice*)<br>STORRINGS LAW<br>3200 N University Dr Ste 203<br>Coral Springs, FL  33065<br>Phone: (954) 302-7148<br>Email: *harley@storringslaw.com*<br><br>*Attorneys for Gulfstream Risk Partners, LLC d/b/a Squeeze Insurance* |