IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| DERRANCE HARRIS, on behalf of himself and others similarly situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>GULFSTREAM RISK PARTNERS, LLC d/b/a SQUEEZE INSURANCE,<br><br>    *Defendant*. | Case No. 4:25-CV-00397-JM |

**DEFENDANT GULFSTREAM RISK PARTNERS, LLC d/b/a SQUEEZE INSURANCE'S BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER AND REQUEST TO CONDUCT LIMITED DISCOVERY**

Defendant Gulfstream Risk Partners, LLC d/b/a Squeeze Insurance ("Squeeze"), by and through its attorneys, Storrings Law and Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., for its Brief in Support of Motion for Protective Order and Request to Conduct Limited Discovery, submits the following:

## I.    INTRODUCTION

On April 22, 2025, Plaintiff Derrance Harris ("Plaintiff") filed this putative class action against Defendant Squeeze under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA") (Doc. 1). Squeeze consequently filed a motion to compel arbitration and brief in support because Plaintiff's claims are subject to a binding and enforceable arbitration agreement (Docs. 12, 13). Plaintiff filed a response in opposition and supporting declaration (Doc. 17). As a threshold issue, the Court must now determine whether the record establishes evidence sufficient to grant the motion to compel arbitration, and full discovery should not commence without that question first being answered. To the extent the Court determines that the record is not developed

1

to the point of being able to make a determination about the existence of an arbitration agreement, Defendant requests the Court allow the parties to conduct discovery limited to the issue regarding Plaintiff's assent to the arbitration agreement. Pending this limited discovery, the Court should reserve ruling on the pending motion to compel arbitration until that discovery and briefing is complete. Precedent in this district and precedent in the TCPA context provides Defendant with the right to develop a factual record through limited, phased discovery on the issue of contract formation. Such limited discovery would allow the Court to make its determination on the motion to compel arbitration based on the developed, factual record.

Accordingly, in the event that the Court does not grant the motion to compel arbitration (Docs. 12, 13) the Court should enter an order: reserving its ruling on the motion to compel arbitration, bifurcating discovery of this action so as to allow the Court to determine, as a threshold issue, if Plaintiff assented to binding and enforceable arbitration agreement. Additionally, until the Court rules on Defendant's motion to compel arbitration, discovery seeking broad swaths of information that gets to the heart of Plaintiff's case on the merits should temporarily be stayed. Sidestepping the threshold arbitration issue as Plaintiff has now attempted to do would allow Plaintiff to conduct broad, unrestricted discovery into matters unrelated to the motion to compel arbitration.

## II.    LEGAL AUTHORITY

Rule 26 provides, in pertinent part, that the "court may for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery; [and] (D) forbidding inquiry

into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c).  The decision to limit discovery by means of a Rule 26 protective order requires the court to balance "the requester's need for the information from this particular source, its relevance to the litigation at hand, the burden of producing the sought-after material; and the harm which disclosure would cause to the party seeking to protect the information." *Burka v. U.S. Dep't of Health & Hum. Servs.*, 87 F.3d 508, 517 (D.C. Cir. 1996).

The Court has broad discretion to restrict and control discovery under Rule 26. *Cole v. Hutchins*, No. 4:17-CV-00553-JLH, 2018 WL 11352010, at *1 (E.D. Ark. Nov. 15, 2018) (compiling cases). The discovery rules, although liberal, "should not be misapplied so as to allow fishing expeditions in discovery. Some threshold showing of relevance must be made before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).

### III.    ARGUMENT

**A.    Defendant is entitled to limited discovery on Plaintiff's assent to the arbitration agreement.**

It is well established—and recognized by Federal District Courts in Arkansas—that if the validity of an arbitration agreement is in dispute, the court should permit limited discovery on that issue.[1]  In other words, "[t]he court may allow appropriately restricted discovery regarding issues

---

[1] *E.g., Northport Health Servs. of Ark., LLC v. Cmty. First Trust Co.*, Case No. 2:12-CV-02284-PKH, 2013 WL 4048202, at *1 (W.D. Ark. Aug. 9, 2013) (permitting limited discovery into the circumstances surrounding the negotiation, presentment, and execution of the arbitration agreement); *Northport Health Servs. of Arkansas, LLC v. Rutherford*, Case No. 5:07-cv-5184-JLH, 2008 WL 2273666, at *4 (W.D. Ark. May 30, 2008) (permitting limited discovery regarding execution of the arbitration agreement) (collecting cases); *Terminix Int'l Co., L.P. v. Crisel*, Case No. 1:05-cv-1065-HLB, 2008 WL 4831755, at *3 (W.D. Ark. Nov. 3, 2008) (permitting limited discovery regarding the validity of the arbitration agreement); *Advocat Inc. v. Blanchard*, No. 4:11-

3

relating to the making of an arbitration agreement, if necessary to determine whether an arbitration agreement exists." *Cmty. First Trust Co.*, 2013 WL 4048202, at *1. In *Northport Health Services of Arkansas*, the court explained that allowing general discovery requests before deciding the threshold arbitration issue "is at odds with . . . limited discovery," further reasoning that general discovery requests "are overly broad, vague, and appear to be a fishing expedition." *Id.* at *1.

In *Alexander v. Pipeline Productions, Inc.*, this Court similarly allowed limited discovery when deciding whether an enforceable arbitration agreement existed. *Alexander v. Pipeline Productions, Inc.*, Case No. 1:16-CV-00005-KGB, 2017 WL 7299855 (E.D. Ark. Mar. 13, 2017). This Court reasoned that:

> if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then "the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question."

*Id.*, at *5 (quoting *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764 (3rd Cir. 2013)) (cleaned up). In *Alexander*, because the Plaintiffs' complaint and supporting documentation made no reference to the Defendant's terms of use, which included the arbitration agreement at issue, and because the Plaintiffs' complaint failed to attach the arguably relevant arbitration provision, the Court denied without prejudice the Defendants' motion to compel arbitration, pending completion of limited discovery. *Id*.

Similarly here, limited discovery is likewise necessary in this action because Plaintiff does not mention arbitration of claims in his boilerplate complaint despite the fact that such an agreement plainly exists (Doc. 12, pp. 4, 11). Even further, in response to the motion to compel

---

cv-00895-JLH, 2012 WL 1893735, at *5 (E.D. Ark. May 24, 2012) (recognizing the availability of limited pre-arbitration discovery on issues relating to the making of the arbitration agreement but denying the request because the proposed discovery was unnecessary on those issues).

4

arbitration, Plaintiff has blatantly denied that he agreed to arbitrate his claims. (Doc. 17). By filing the declaration that he did, Plaintiff has voluntarily "responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue." *See Alexander*, 2017 WL 7299855, at *5 (quoting *Guidotti*). And by making no reference to the Defendant's terms of use, which included the arbitration agreement at issue, and because the complaint in this case fails to attach the relevant arbitration provision, this case is procedurally similar to *Alexander*.

Additionally, a Rule 26(c) protective order is needed here because within a few hours of having a phone call in which Defense Counsel raised the need for phased discovery on this issue, Plaintiff's counsel prematurely attempted to propound broad merits discovery getting to the heart of the case. *Exhibit 1*. This is the type of litigation tactic that is exactly what this Court has prevented in prior suits concerning a threshold arbitration issue. Because bifurcating the threshold contract formation issue is in line with the practice of district courts that often conduct limited discovery in the arbitration context, this Court should permit limited discovery prior to diving into full discovery on the merits of the claim, and in the meantime enter a protective order quashing the discovery propounded by Plaintiff.

Defendant respectfully asks the Court to separate discovery into phases, allowing first only discovery relevant to the issue of whether Plaintiff consented to the arbitration agreement. Then, and only if that question is answered by this Court in the negative, then permitting merits discovery. The Court should order that the second phase of discovery will not begin until after the Court resolves the issue of whether the Plaintiff assented to the arbitration agreement at the completion of the first phase and rules on Defendant's motion to compel arbitration. This can be styled as a Rule 26(c) protective order, and additionally as an order that flows from the Court's

broad discretion to restrict and control discovery under Rule 26. *See Cole*, 2018 WL 11352010, at *1.

**B.        Courts Recognize the Propriety of Phased Discovery in TCPA Suits.**

The plea for phased discovery outlined herein is supported by TCPA precedent elsewhere, which courts have had ample opportunities to create because of the avalanche of TCPA litigation labeled by the FCC Chairman as "the poster child for lawsuit abuse." [2]

Other courts facing this same issue have allowed for phased discovery, expediting resolution of the arbitration agreement issue, obviating the need for irrelevant discovery. For example, the case *Abramson v. First Am. Home Warranty Corp.* proves instructive both because of its procedural similarity, and because the plaintiff's lawyer in that case is the same national TCPA lawyer prosecuting this case. *Abramson v. First Am. Home Warranty Corp.*, Case No. 2:22-cv-01003-NR, 2023 WL 2214248 (W.D. Pa. Feb. 24, 2023). There, the court adopted an approach virtually identical to the approach now proposed by Defendant under the same rationale this Court adopted under *Guidotti*.

In *Abramson*, the plaintiff brought a class action TCPA lawsuit, alleging violations of the Robocall class. *Id.* at *1. The court similarly reasoned that under *Guidotti*, limited discovery was necessary to determine if Plaintiff could proceed with his TCPA lawsuit. *Id.* Consistent with *Guidotti*, the court ordered discovery requests to be narrowly tailored. *Id.* at *3. Before proceeding with the merits of Plaintiff's claim, the parties were allowed ninety (90) days to complete limited discovery on the issue of the arbitration agreement, allowing each party to serve up to five interrogatories, five requests for production, up to five requests for admission, and no more than

---

[2] See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 8073 (2015) (Now-Chairman Pai, dissenting).

three depositions per side. *Id.* In *Abramson*, a curiously timed after-the-fact, self-serving declaration by the plaintiff was insufficient to evade review into the express terms of a contract to which he had already agreed. Even more curious still, after the completion of limited, relevant discovery related to the threshold issue, Plaintiff voluntarily dismissed his TCPA suit.

The procedural posture here is eerily reminiscent of that in *Abramson*—even down to the curiously timed after-the-fact declaration by the plaintiff. Here, this Court should continue the approach for case management well established in Arkansas and wisely pursued elsewhere, adopting the approach under *Guidotti*, limiting discovery in the initial phase of this litigation to evidence relevant to Plaintiff's assent to arbitrate for an early determination of this threshold issue.

C. **Plaintiff's self-serving affidavit should not preclude this Court from scrutinizing the arbitration issue and ordering phased discovery.**

The plaintiff's self-serving declaration that is unsupported by any corroborating evidence should be examined in light of the circumstances surrounding its execution. Chiefly among those circumstances is the fact that this plaintiff—Derrance Harris—has a documented history of making inconsistent representations in court filings that are contradictory at best. *Derrance L. Harris v. Exto Inc.*, Case No. 4:25-CV-00268-DPM, Doc. 15, (E.D. Ark. July 2, 2025) (collecting civil and criminal cases involving Derrance Harris, and documenting the "material statements about him that are contradicted by his other court filings" including those made under penalty of perjury). There, Derrance Harris has also attempted to thwart a proper review of threshold issues by executing a self-serving declaration that is unsupported by any corroborating evidence.

D. **Conducting discovery in phases would promote efficient judicial administration.**

This Court has broad discretion to suspend discovery deadlines, incidental to its power to control its own docket—particularly where, as here, it would promote judicial economy. *See e.g.,*

7

*Lackie Drug Store Inc. v. Ark. CVS Pharmacy, LLC, et. al*, No. 4:20-cv-01515-JM (E.D. Ark. Mar. 8, 2021) (Doc. 50 *Order Granting Motion to Stay the Rule 26(f) Conference Deadline*); *see generally Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *Clinton v. Jones,* 520 U.S. 681, 706 (1997)).

Specifically, allowing limited discovery on the issue of arbitration will develop a record sufficient to determine if Plaintiff agreed to arbitrate his claims, thus determining if Plaintiff may proceed with this suit. In any event, an arbitration determination should be made as early as possible, keeping in line with the FAA's interest in speedy dispute resolution, the honoring of parties' private agreements, and the judicial responsibility to interpret the parties' agreements. *Guidotti*, 716 F.3d at 774. Keeping these judicial considerations in mind, it makes sense to conduct discovery in phases, to truly determine if Plaintiff has something more than a "naked assertion . . . that it did not intend to be bound" by the arbitration agreement. *Id.*

Second, if the Court ultimately finds that Plaintiff did agree to arbitrate his claims against Squeeze, that finding precludes Plaintiff's underlying claims against Squeeze. It is therefore most practical and efficient to resolve the arbitration issue as soon as possible. This will promote efficient judicial administration and avoid the costs and expenditure of resources associated with simultaneous discovery on all of the issues. To not bifurcate discovery on this threshold issue, when it appears likely that the parties agreed to arbitrate their claims, would be contrary to established precedent in this circuit and in the TCPA context generally. At the close of the limited discovery on contract formation, a hearing on the narrow issue of assent to arbitration can be completed in only a few court hours. That is, of course, if there is even a need for a hearing at all, it being quite likely that upon an initial round of narrow discovery on arbitration, the Court may be able to rule based on another round of briefing.

In contrast, conducting full blown discovery in this putative class action suit before resolving the threshold issue will subject Defendant to an unnecessary fishing expedition that Plaintiff is already attempting to conduct. Therefore, discovery limited to Plaintiff's assent to arbitrate his claims is prudent.

Third, while all of the foregoing is true of cases generally, ensuring that threshold issues are addressed appropriately in this record is of particularly heightened concern because of the identity of the plaintiff. The plaintiff, Derrance Harris, is a serial litigant who has a track record of wasting judicial resources on meritless claims. *See e.g., Derrance Harris v. State of Arkansas, et al.*, Case No. 4:17-cv-146-KGB (E.D. Ark. Feb. 6, 2018) (dismissing class action complaint filed by Derrance Harris explaining that "the Court finds that this action is frivolous"). Not only do dockets in this state reflect that reality generally, but this is also true of Derrance Harris' repeated filing of TCPA cases. *See Derrance Harris v. Credit & Debit*, Case No. 60CV-25-4975 (Pulaski Cnty. Cir. Ct. July 28, 2025) (dismissing TCPA case filed by Derrance Harris).

Finally, bifurcating discovery will not cause undue prejudice or expense to Plaintiff because it involves discovery into and the development of issues that will need to be decided one way or another.

For the reasons discussed above, conducting discovery in phases is appropriate. The Court should grant this motion. The Court should bifurcate the discovery period into parts: (1) discovery relating to the issue of whether a valid and binding arbitration agreement exists; and (2) discovery relating to Plaintiff's remaining issues. The later phase of discovery should begin after the Court resolves the issue concerning assent to arbitration. Until the Court resolves that issue, the Court should enter an order that discovery in this case is limited to the issue of whether the parties assented to the arbitration agreement.

Moreover, even if Defendants were not to succeed on the arbitration issue, judicial efficiency will have been advanced. A contested issue will have been decided, and discovery on the merits would proceed unencumbered by proof relating to arbitration. Bifurcation and discovery on the narrow issue of arbitration, therefore, can only advance efficient management of this case.

### IV.     CONCLUSION

Although the Court should grant the motion to compel arbitration for the reasons set forth in the motion and supporting brief (*See* Docs. 12 and 13), to the extent the Court determines the evidence is insufficient to grant the motion to compel arbitration, the Court should break the discovery period in this action into phases: *first* discovery limited to the issue of contract formation, allowing the parties ninety (90) days to conduct such discovery and *second*, discovery relevant to Plaintiff's underlying allegations. The Court should limit the phased discovery requests, allowing each party to serve up to five interrogatories, five requests for production, up to five requests for admission, and no more than three depositions each. Lastly, the Court should order that the later phase of discovery will not begin until after the Court resolves the issue of whether Plaintiff assented to the arbitration agreement at the completion of the first phase of discovery.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: July 30, 2025 | Devin R. Bates (Ark. Bar No. 2016184)<br>Abigail Grimes (Ark. Bar No. 2024215)<br>MITCHELL, WILLIAMS, SELIG,<br>GATES & WOODYARD, PLLC<br>425 West Capitol Avenue, Suite 1800<br>Little Rock, Arkansas 72201<br>Telephone: (501) 688-8800<br>Fax: (501) 688-8807<br>*dbates@mwlaw.com*<br>*agrimes@mwlaw.com*<br><br>*and*<br><br>Harley Storrings (*Pro Hac Vice*)<br>STORRINGS LAW<br>3200 N University Dr Ste 203<br>Coral Springs, FL  33065<br>Phone: (954) 302-7148<br>Email: *harley@storringslaw.com*<br><br>*Attorneys for Gulfstream Risk Partners, LLC d/b/a Squeeze Insurance* |

11