IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| DERRANCE HARRIS on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GULFSTREAM RISK PARTNERS, LLC d/b/a SQUEEZE INSURANCE<br><br>Defendant. | Case No. 4:25-CV-00397-JM |

### JOINT RULE 26(f) REPORT

Derrance Harris ("Plaintiff") and Gulfstream Risk Partners, LLC ("Defendant") submit the following as their joint report pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1.

1. **Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a):**

    Plaintiff: No. The Plaintiff doesn't believe that initial disclosures should be withheld, even if this Court determines that the bifurcated discovery proposed is appropriate (which, as described below, the Plaintiff disagrees with).

    Defendant: Yes. The initial disclosures should be held in abeyance pending the outcome of phased discovery, and a determination on the threshold legal issues resulting from that phased discovery. (Docs. 20 and 21). Additionally, the parties should exchange their Rule 26(a)(1)(A) disclosures within twenty-one days of the Court's decision on pending dispositive motions.

2. **Date when mandatory disclosures were or will be made:**

    Plaintiff: August 8, 2025

    Defendant: The initial disclosures should be held in abeyance pending the outcome of phased discovery, and a determination on the threshold legal issues resulting from that phased

discovery. (Docs. 20 and 21). Additionally, the parties should exchange their Rule 26(a)(1)(A) disclosures within twenty-one days of the Court's decision on pending dispositive motions.

**3. Subjects on which discovery may be needed:**

<u>Plaintiff:</u> Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 to support his anticipated motion for class certification as well as the merits of Plaintiff's TCPA claims to prepare for trial, or to oppose any summary judgment motion that the Defendant may file. Plaintiff will seek from the Defendant, or third parties retained on its behalf, (1) ESI regarding the calls placed in this case and any purported leads related thereto; (2) email and other communications related to telemarketing and any relationship with a vendor who made calls for the Defendant; (3) ESI related to any purported consent to receive calls; (4) Defendant' policies and procedures concerning TCPA compliance; and (5) telemarketing complaints received by Defendant and their responses thereto.

The Plaintiff opposes bifurcated discovery, which here is largely targeted one-way discovery. Defendant's request to limit discovery solely to its preferred issues is "untenable and unfair." *Wilson v. Quest Diagnostics, Inc.*, 2019 U.S. Dist. LEXIS 224798, *9 (D. N.J. August 22, 2019) (denying similar request to bifurcate in a TCPA case). "The Court should not allow one side to pick one defense of its choosing, limit discovery to that issue, and then presumably try a summary judgment motion. Both sides have a right to discovery." *Id.*

Indeed, as described further below by the Defendant in the electronic discovery section, the Defendant intends to request unfettered access to all electronic devices used by the Plaintiff, a tactic another Court denied in a TCPA case explaining that "[f]orensic

examination is generally regarded as a drastic step." *Moser v. Health Ins. Innovations, Inc.*, 2018 U.S. Dist. LEXIS 215901, 2018 WL 6735710, at *5 (S.D. Cal. Dec. 21, 2018) Other TCPA courts have agreed, "there is no basis to require the production of electronic devices". *Mantha v. QuoteWizard.com, LLC*, 2020 U.S. Dist. LEXIS 135257, *10

      Defendant: Given the pending threshold issues in this case, including questions raised as to venue and consent to arbitration, Defendant proposes a phased discovery period prior to the full-blown merits discovery proposed by Plaintiff. Consistent with practice in this District, and consistent with how courts elsewhere have dealt with this same national plaintiff's counsel in the past, phased discovery is appropriate. This means that the parties should be allowed ninety (90) days to complete limited discovery on the issue of the arbitration agreement, allowing each party to serve up to five interrogatories, five requests for production, up to five requests for admission, and no more than three depositions per side. This discovery is primarily focused on the threshold issues, and is not a full discovery. Only after those threshold issues have been cleared, should more expansive discovery follow. In any event, Defendant reserves the right to timely raise objections as to the scope and burden of the discovery anticipated by Plaintiff. Defendant has briefed these issues elsewhere (Doc. 21) and objects to plaintiff's attempt to include quasi briefing in this 26(f) report.

4. **Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so:**

    The parties anticipate discovery of electronic or computer-based media will be sought from one another as well as from third parties.

Defendant notes that, as part of the threshold discovery needs, Plaintiff will need to produce for inspection all personal electronic devices that he has used during the relevant times, including but not limited to, all computers which Plaintiff uses at work and at home, all tablets, and all cell phones. Defendant further notes that it does not waive any objection to producing documents in a manner to avoid undue burden or unreasonable expenses.

**a. Whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;**

The parties do not anticipate the need for discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost. Rather, the parties anticipate the need for discovery of electronically stored information from sources reasonable available to the parties and/or third parties in the ordinary course of business. The parties will attempt to stipulate or agree to the form or forms in which electronically stored information should be produced or otherwise made available.

**b. The anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;**

The parties do not anticipate the need for discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost. Should discovery from such sources be sought, the parties will confer in good faith regarding the scope, cost, and time required for disclosure or production of electronically stored information and attempt to reach an agreement concerning same before bringing any such issues to the attention of the Court.

   **c. The format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;**

  Plaintiff: Excel spreadsheets, .csv files, and access databases should be produced in native format, otherwise electronic data should be produced in paper copies or portable document format (.pdf) files, if the data is also preserved in its native format. If production in another format is needed, the responding party will consult in good faith with the requesting party regarding the format of the information being sought and attempt to reach an agreement regarding an acceptable format before bringing any such issues to the attention of the Court. Each image produced should have a unique file name and/or Bates number.

  Defendant: Data will be produced in a native format or other format agreed to by the parties.

   **d. Whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;**

  Undersigned counsel have instructed their respective clients to preserve potentially discoverable information from alteration or destruction.

   **e. Other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.**

  The parties anticipate no other problems. The parties further agree to meet and confer in good faith concerning any such unanticipated problems that may arise before bringing any such problems to the attention of the Court.

**6.** **Any needed changes in limitations imposed by the Federal Rules of Civil Procedure:**

    <u>Plaintiff:</u> None. The Plaintiff opposes the one-way discovery proposed by the Defendant, as described above.

    <u>Defendant:</u> Fed. R. Civ. P. 26(d)(1) and Fed. R. Civ. P. 26(d)(3) should be altered as to the timing and sequence of discovery given the need for phased discovery present in this case. To the extent necessary, this can be accomplished through entry of any order pursuant to Fed. R. Civ. P. 26(c)(2). (Docs. 20 and 21).

7. **Any orders, e.g., protective orders, which should be entered:**

    The parties anticipate that a protective order governing the treatment of confidential information will be necessary in this case and intend to submit a proposed order to the Court for consideration and approval.

8. **Any objections to initial disclosures on the ground that initial mandatory disclosures are not appropriate in the circumstances of the action:**

    <u>Plaintiff:</u> None.

    <u>Defendant:</u> Yes. Given the need for discovery on threshold issues prior to this case proceeding further, Defendant objects to initial disclosures are noted above.

9. **Any objections to the proposed trial date:**

    <u>Plaintiff</u>: The parties request a date in the winter of 2026 to allow for notice to be sent if a class is certified. The Plaintiff has no objection to moving to trial date to allow local counsel to attend the Arkansas Bar Conference.

    <u>Defendant</u>: Undersigned defense counsel routinely attends the Arkansas Bar Conference, which is scheduled to occur in 2026 the same week as the proposed trial date. For that reason, undersigned defense counsel respectfully requests a different trial date. Other than

that, a summer 2026 setting is not necessarily objectionable so long as there is an opportunity for phased discovery.

12. **Trial**

The parties estimates that if this matter is certified as a class action, the trial will take 5 days.

13. **Class certification:**

Plaintiff: To gather information needed from third parties related to the calling conduct at issue and secure the expert testimony that will likely be needed, the Plaintiff requests March 26, 2026 as the deadline for filing his motion for class certification.

Defendant: Local Rule 26.1(13) counsels that this deadline should be Monday, October 6, 2025, based on the local rule alone. The context of this case, including the need for phased discovery, does counsel a later date, but pushing the deadline right up against the trial as Plaintiff as proposed is not feasible.

14. **Unresolved issues**

There are no unresolved issues at this time, other than those noted above.

Dated: August 1, 2025

*/s/ Anthony I. Paronich*
Anthony I. Paronich (*Pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
facsimile (508) 318-8100
Email: anthony@paronichlaw.com

-and-

Jason Ryburn

Ryburn Law Firm
650 S. Shackleford Rd., Ste. 231
Little Rock, AR 72211
Telephone: (501) 228-8100
Facsimile (501) 228-7300
Email: jason@ryburnlawfirm.com

*Attorneys for Plaintiff*

Devin R. Bates (Ark. Bar No. 2016184)
Abigail Grimes (Ark. Bar No. 2024215)
MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, PLLC
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Telephone: (501) 688-8800
Fax: (501) 688-8807
dbates@mwlaw.com
agrimes@mwlaw.com

and

Harley Storrings (Pro Hac Vice)
STORRINGS LAW
3200 N University Dr Ste 203
Coral Springs, FL  33065
Phone: (954) 302-7148
Email: harley@storringslaw.com

Attorneys for Gulfstream Risk Partners, LLC
d/b/a Squeeze Insurance


*Attorney for Defendant*