## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | |
|---|---|
| DERRANCE HARRIS on behalf of himself and others similarly situated, | |
| Plaintiff, | Case No. 4:25-CV-00397-JM |
| vs. | |
| GULFSTREAM RISK PARTNERS, LLC d/b/a SQUEEZE INSURANCE | |
| Defendant. | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO
### DEFENDANT'S MOTION FOR A PROTECTIVE ORDER

Defendant asks this Court to divide discovery into artificial "phases," beginning with a round limited solely to arbitration before turning to the merits or class certification. That approach would delay resolution, increase costs, and force the parties and the Court to engage in duplicative work.

The problem is straightforward: there is overwhelming overlap between the discovery relevant to arbitration and the discovery relevant to Plaintiff's individual claims, the putative class claims, and certification. Much of the same witnesses, documents, and data will bear on both whether Plaintiff agreed to arbitrate and whether Defendant's conduct violated the Telephone Consumer Protection Act. Attempting to segregate this discovery into "arbitration" and "merits" phases would be artificial and impractical. It would ensure repeated depositions, repeated document productions, and repeated motion practice over the same subjects.

Federal courts, including courts within this circuit, have recognized that bifurcated discovery is appropriate only where the issues are truly distinct. Where, as here, there is substantial

1

and overwhelming overlap, phasing undermines efficiency and judicial economy. The *Manual for Complex Litigation* observes that phasing can "increase, rather than decrease, the total cost and delay," and courts routinely decline to adopt such an approach when it would cause duplication or generate disputes over scope.

Because Defendant has not met its burden to show that bifurcation will promote efficiency or reduce expense—and because the record necessary to address arbitration is overwhelmingly intertwined with the record needed for the merits and class certification—its request should be denied.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. The scope of discovery is intentionally broad, reflecting the principle that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947).

Rule 26(c) permits the Court, for good cause, to issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. This includes the authority to sequence discovery or to conduct it in phases. See Fed. R. Civ. P. 26(c)(1), 26(d)(3). However, the party seeking to limit or bifurcate discovery bears the burden of showing that such an order is warranted. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

**ARGUMENT**

**I.      Courts may decline to phase discovery where there is overlap between merits discovery and discovery on threshold issues.**

Courts within this circuit routinely decline to order phased or bifurcated discovery when there is substantial overlap between the issues in the proposed phases. Such overlap undermines any efficiency gains and instead risks duplication, delay, and unnecessary disputes.

In *Robertson v. Mortg. Rsch. Ctr.*, LLC, No. 2:24-cv-04106-MDH, 2024 U.S. Dist. LEXIS 221676, at *7 (W.D. Mo. Dec. 9, 2024), the court denied phased discovery in a TCPA case because "Plaintiff's claims and any potential class members' claims overlap" and "class certification will be tied to the issues surrounding standing and the merits of the claims." The court recognized that when the same evidence will bear on both phases, it is more efficient to proceed without artificial separation.

The court in *Penford Corp. v. Nat'l Union Fire Ins. Co.*, No. 09-CV-0013-LRR, 2009 U.S. Dist. LEXIS 59650, at *8–9 (N.D. Iowa July 13, 2009), reached the same conclusion, explaining that overlapping issues make bifurcation impractical because it "would inevitably result in disputes regarding whether certain information could be pursued at this time or must await some later stage in the proceeding." Likewise, in *City of Pontiac Gen. Emps.' Ret. Sys. v. Wal-Mart Stores, Inc.,* No. 12-CV-5162, 2015 U.S. Dist. LEXIS 79392, at *4 (W.D. Ark. June 18, 2015), the court found that bifurcation "will likely lead to further delays and complications" and noted that much of the merits discovery in that case overlapped with class-certification issues.

There is no *per se* rule in favor of bifurcating discovery simply because a case presents a threshold issue such as the existence of an arbitration agreement. While Rule 26(c) gives courts discretion to limit or sequence discovery, that discretion is exercised to avoid inefficiency—not to

3

create it. When the factual inquiries for the proposed phases are intertwined, phasing discovery is likely to be counterproductive, generating the same disputes identified in *Penford* about whether certain topics or documents fall into the current phase or must wait for another.

## II.    Arbitration-related discovery and merits discovery have overlap significantly.

Here, there is substantial and unavoidable overlap between arbitration-related discovery and merits or class discovery. Many of Plaintiff's interrogatories and requests for production seek information that is equally probative of both. For example, Request for Production No. 5 seeks "all complaints or do-not-call requests concerning outbound calls made by you or by any vendor of yours for allowing or making allegedly unlawful or unauthorized outbound calls." See Exhibit A. Evidence of other consumer complaints is directly relevant to class-wide liability and damages but also bears on arbitration-related issues because it shows the scope of Defendant's calling practices, the role of vendors, and whether consumers—like Plaintiff Harris—were contacted without any direct relationship with Defendant. Similarly, Request for Production No. 8 seeks "all contracts or documents representing agreements with any third party that dialed the calls to the Plaintiff." See Exhibit A. The existence and terms of such agreements could explain how Plaintiff was contacted despite never visiting Defendant's website, and the same agreements may reveal whether any purported consent to arbitration was obtained through a vendor-controlled process.

Other requests demonstrate the same inseparability. RFP Nos. 6, 7, 9, and 10—seeking contracts, internal communications, and external communications with vendors or third parties involved in calling Plaintiff—are central to determining both the merits (e.g., who placed the calls, using what data) and any arbitration theory (e.g., whether any third party contacted Harris without information submitted to Squeeze.com).In short, the record needed to resolve arbitration is the same record needed to resolve liability and class certification. Attempting to divide discovery

along the lines requested by Defendant would be artificial and inefficient, creating constant disputes over whether a request fits into one "phase" or another.

District courts have broad discretion to control discovery. *Crawford—El v. Britton*, 523 U.S. 574, 598-99, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). This discretion extends to a district court's decision to bifurcate discovery. *Denney v. Amphenol Corp.,* No. 1:19-cv-04757-JRS-DLP, 2020 U.S. Dist. LEXIS 162911, at *3 (S.D. Ind. Sep. 4, 2020). However, phasing of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015). That is readily apparent here.  To begin, the proposed discovery phasing guarantees that the parties will need to duplicate their work.  First, the parties would undertake arbitration discovery and all that entails: written discovery requests and depositions, all limited just to the question of whether Plaintiff agreed to arbitrate. Then, defendant files a dispositive motion limited to the existence of an arbitration agreement. And then, should the Court deny that motion, the parties have to start all over again, serving discovery requests and taking depositions of the same witnesses a second time, but this time focusing on class certification issues with a potential second motion to bifurcate class and merits discovery. All told, this means at least two rounds of written discovery, two rounds of depositions (with the same witnesses being deposed twice), and then two rounds of briefing.  This is the opposite of judicial economy.  Indeed, "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co*, 2014 U.S. Dist. LEXIS 130308, *10 (W.D. Pa. September 15, 2014). The Court could deny the motion to bifurcate for this reason alone. See ibid (denying similar motion to bifurcate merits and class discovery in a TCPA case); *EQT Prod. Co. v. Terra Servs*., LLC, 2014 U.S. Dist. LEXIS 203680, *4 (W.D. Pa. October 21, 2014) ("Terra's proposal would likely result in deposing the same witnesses twice—once in the liability

phase, and again in the damages phase. This is the definition of inconvenience, and the additional cost of duplicative depositions and document review combine to counsel against bifurcation in this case.")

Apart from the duplication of discovery outlined above, Squeeze's proposal is bound to lead to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation. As detailed above, there is significant overlap between discovery relevant to the merits of Plaintiff' individual claims, issues of class certification, arbitration related discovery. Squeeze relies on *Northport Health Servs. of Ark., LLC v. Cmty. First Tr. Co.*, No. 2:12-CV-02284, 2013 U.S. Dist. LEXIS 112523 (W.D. Ark. Aug. 9, 2013) to argue that the Court should limit discover but that reliance is misplaced. The *Northport* Court consistently noted the lack of overlap between merits discovery and denied discovery requests "not pertinent to the arbitration issue at hand." *Northport Health Servs. of Ark., LLC v. Cmty. First Tr. Co.*, No. 2:12-CV-02284, 2013 U.S. Dist. LEXIS 112523, at *5 (W.D. Ark. Aug. 9, 2013). Here, however, the overlap between the arbitration issue, the merits issues, and the class certification issues is so substantial that drawing such a distinction would not be productive. Squeeze also relies on *Abramson v. First Am. Home Warranty Corp., Case No. 2:22-cv-01003-NR, 2023 WL 2214248 (W.D. Pa. Feb. 24, 2023)* to argue that discovery should be bifurcated; there, however, the court permitted discovery into whether a valid arbitration agreement exists—it did not consider a motion for a protective order or a motion to bifurcate discovery. Nor did it consider the degree to which arbitration discovery would overlap with class discovery and merits discovery.

There is a real risk that the requested bifurcation will prejudice Plaintiff through the loss of evidence held by third parties, such as any third-party vendors involved in the maintenance of the websites at issue or Kin's calls. *See Briscoe v. Klaus*, 538 F.3d 252, 259 (3rd Cir. 2008)

("Generally, prejudice includes 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'"); *Hartley-Culp* 2014 U.S. Dist. LEXIS 130308 at *9 (denying similar request in another TCPA case after "find[ing] prejudice to Plaintiff if discovery was bifurcated" in the same manner requested here); *Sanaah v. Howell*, 2009 U.S. Dist. LEXIS 35260, *2 (D. Colo. 2009) ("with the passage of time, the memories of the parties and other witnesses may fade, witnesses may relocate or become unavailable, or documents may become lost or inadvertently destroyed."); *Saleh v. Crunch, LLC*, 2018 U.S. Dist. LEXIS 36764, at *5 (S.D. Fla. Feb. 28, 2018) (denying a stay in a TCPA case and noting that the "fading memory of any witness" is prejudicial).

Any potential bifurcation will also necessarily delay class discovery and Plaintiff's motion for class certification prejudicing Plaintiff and the proposed class members. *See* Fed. R. Civ. P. 1, 23(c)(1)(A). Delays in class discovery compound the already-substantial difficulty of gathering information necessary to identify class members and establish their claims. *See Young v. Peraza*, No. 1560968-CIV, 2015 WL 4639736, at *2 (S.D. Fla. Aug. 4, 2015) ("Were the Court to grant the Motion [to stay], Plaintiff would stand to suffer prejudice as the memories of eyewitnesses faded with the passage of time."); *Koppelman v. Galt Ocean Manor Condo. Ass'n, Inc.*, No. 16-CV-62175, 2016 WL 6777896, at *1 (S.D. Fla. Nov. 16, 2016) ("when discovery is delayed or prolonged it can create case management problems which impede the [c]ourt's responsibility to expedite discovery and cause unnecessary litigation expenses and problems"). Additionally, any delay creates the risk that the evidence Plaintiff needs to prevail on his claim will be destroyed, lost, corrupted, or forgotten. *Lathrop v. Uber Techs., Inc.*, 2016 U.S. Dist. LEXIS 2490, at *12 (N.D. Cal. Jan. 8, 2016) (Plaintiff in putative class action may "suffer

7

prejudice from a stay because the case would extend for an indeterminate length of time, increase the difficulty of reaching class members, and increase the risk that evidence will dissipate"); *accord Izor v. Abacus Data Sys.*, 2019 U.S. Dist. LEXIS 130865, at *10 (N.D. Cal. Aug. 5, 2019); *see Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007).

Finally, although Squeeze is content to call Harris' declaration "self-serving" and "unsupported by corroborating evidence" (Dkt. 21 at 7), it has yet to produce any evidence that Harris agreed to arbitrate, was exposed to its clickwrap terms, or ever visited Squeeze.com. Harris respectfully submits that Squeeze should be required to do more before seeking to limit discovery and prejudicing his ability to prosecute his case.

## **CONCLUSION**

For the foregoing reasons, the Defendant's motion should be denied.

| Dated: August 11, 2025 | Respectfully Submitted: |
| --- | --- |
| | */s Anthony I Paronich*<br><br>Anthony Paronich<br>Paronich Law, P.C.<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043<br>[o] (617) 485-0018<br>[c] (508) 221-1510<br>[f] (508) 318-8100 |