IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | |
|---|---|
| DERRANCE HARRIS, on behalf of himself and others similarly situated,<br><br> *Plaintiff*,<br><br>v.<br><br>GULFSTREAM RISK PARTNERS, LLC d/b/a SQUEEZE INSURANCE,<br><br> *Defendant*. | Case No. 4:25-CV-00397-JM |

**DEFENDANT GULFSTREAM RISK PARTNERS, LLC d/b/a SQUEEZE INSURANCE'S REPLY IN SUPPORT OF MOTION FOR PHASED LIMITED DISCOVERY AND MOTION FOR PROECTIVE ORDER**

Defendant Gulfstream Risk Partners, LLC d/b/a Squeeze Insurance ("Squeeze"), by and through its attorneys, Storrings Law and Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., for its Reply in Support of Motion for Phased Limited Discovery and Motion for Protective Order, submits the following:

## I.   INTRODUCTION

On April 22, 2025, Plaintiff Derrance Harris ("Plaintiff") filed this putative class action against Defendant Squeeze under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA") (Doc. 1). Squeeze filed a Motion to Compel Arbitration and Brief in Support (Docs. 12 and 13). To the extent the Court determines the evidence is insufficient to grant the Motion to Compel Arbitration, Squeeze believes the Court should break discovery in this action into phases for the reasons stated in its Motion to Conduct Limited Discovery and Motion for Protective Order and Brief in Support (Docs. 20 and 21). Plaintiff filed a Response (Doc. 23), and in his Response, Plaintiff makes concessions that lay this case bare, he fails to rebut his self-serving affidavit, he



conflates issues to buttress his argument that figuring out a threshold issue first is somehow improper, and he supports his arguments with inapposite case law. Plaintiff is attempting to sidestep the threshold arbitration issue and conduct broad, unrestricted discovery into matters unrelated to the motion to compel arbitration where the parties previously agreed to arbitrate.

Defendant respectfully requests that until the Court resolves the issue concerning assent to arbitration, the Court should enter an order that discovery in this case is limited to the issue of whether the parties assented to the arbitration agreement, and therewith enter an order quashing the discovery propounded by plaintiff.

## II.    ARGUMENT

A. **Plaintiff has conceded that he is a serial litigant with a history of wasting judicial resources, so bifurcated discovery is especially appropriate under these circumstances.**

Plaintiff's Response fails to answer this unavoidable question raised in the motion: why should a serial litigant who has previously been thrown out of this same Court for filing a "frivolous" case be allowed to conduct intrusive, full blown merits discovery when there is a dispute about whether the parties agreed to arbitrate? Plaintiff failed to even attempt to answer this question because there is no good answer for it.

Appropriately addressing threshold issues is always important, but bifurcating discovery is particularly important in a dispute such as this one because Plaintiff has an established track record of wasting judicial resources on meritless claims. *See* Doc. 21 at 7, 9. Plaintiff's response ignores these arguments, thus conceding that that Plaintiff is a serial litigant with a history of filing "frivolous" cases. *See e.g., Derrance Harris v. State of Arkansas, et al.*, Case No. 4:17-cv-146-KGB (E.D. Ark. Feb. 6, 2018) (dismissing class action complaint filed by Derrance Harris explaining that "the Court finds that this action is frivolous"). In so doing, Plaintiff has conceded

that the collection of references to Derrance Harris' other civil and criminal cases littering various dockets in Arkansas are indeed all various cases brought by this exact same Plaintiff. There has been no case of mistaken identity.

And if there was any doubt about the prejudice to be caused here, Plaintiff's Counsel prematurely propounded discovery on Defendant seeking information outside the scope of assent to arbitration. This approach is consistent with Plaintiff's counsel's well-publicized litigation strategy, which emphasizes high-volume consumer filings and boasts over $200 million in settlements or judgements for consumers.[1] However, this aggressive approach is not consistent with established law in this circuit governing arbitration enforcement and does not excuse bypassing procedural rules. *See* Doc. 21 at 3-5. And if there was any doubt at all, Plaintiff's extremely troubling history of wasting judicial resources must incline taking the safe approach and first examining the threshold issues.

**B.     Limiting discovery, if discovery is necessary, would be efficient and non-prejudicial in this case.**

The authority that Plaintiff raised in his Response counsels this Court to apply factors of convenience, prejudice, expediency, and economy when determining whether to bifurcate discovery. *Robertson v. Mortg. Research Ctr., LLC*, No. 2:24-CV-04106, 2024 WL 5046604, at *3 (W.D. Mo. Dec. 9, 2024). Allowing broad, unrestricted discovery as sought by Plaintiff would frustrate all of these new factors that Plaintiff has attempted to inject into the analysis. First, it is extremely inconvenient for Defendant to do full-blown merits discovery in a public case styled as a class action where the parties agreed to arbitrate in a private and streamlined single-party arbitration. Second, forcing Defendant to do so while there is still a dispute about arbitration is

---

[1] *About Us*, Paronich Law (last accessed August 14, 2025), https://www.paronichlaw.com.

3

extraordinarily prejudicial to Defendant in that it would effectively eviscerate all of the benefits of arbitration. The way Plaintiff has argued this, apparently sometime closer to trial the Court will make a determination whether the case should have been sent to arbitration months ago. Third, this arrangement slows arbitration and frustrates expediency, as once arbitration is compelled closer to trial the case would have to start over in arbitration. Finally, nothing about this is economical. Frankly, the Plaintiff's position seems calculated to make this case as inconvenient, prejudicial, and un-economical as possible for Defendant.

Plaintiff, on the other hand, is not facing these same costs and risks. Plaintiff's counsel filed a response that he holds out to this Court as presenting authority tailored to the circumstances of this issue. In reality, however, Plaintiff's counsel merely copy-and-pasted a brief he previously filed in Illinois that addressed a distinguishable circumstance. This is obvious and objectively verifiable because Plaintiff's counsel didn't even bother to swap out the name of the Illinois Defendant for the Defendant at issue here in Arkansas. *Compare* Pl. Resp. at 6., *with* Pl. Resp. at 6 filed in *Taylor v. Kin Insurance*, Case No. 1:25-cv-2131 (N.D. Ill. July 30, 2025). Whether this is slipshod lawyering or something far more nefarious is an issue for another day. But what this shows here is that Plaintiff's counsel is merely pulling out one of his many TCPA parlor tricks without tailoring it to the facts of this case, and then asking this Court to bless the parlor trick as a legitimate reason to sidestep the threshold issues.

Plaintiff claims that bifurcation will somehow prejudice Plaintiff through the loss of evidence held by third parties, including that relating to "Kin's calls." Pl. Resp. at 6. Of course, "Kin's calls" are irrelevant here because "Kin" is a party to an Illinois case, not this Arkansas case. Also, the *Kin* case involves phone calls. This case involves text messages. Plaintiff never explains why such a risk of data loss exists specifically for this case which is obvious since his briefing is

a copy-and-paste job from a distinguishable case. To be clear, on the merits there is no such risk here. There is no prejudice that will result from phased discovery because phased discovery will proceed with the development of issues that must be decided in this case. Defendant is attempting to ensure that the discovery in this case remains proportional and focused on whether Plaintiff agreed to arbitrate his claims, which he did.

And, even if Defendant does not succeed on the arbitration issue, judicial efficiency would be advanced because a contested issue would be decided. Then discovery could "immediately proceed at full speed under the Federal Rules." *Wells Fargo Ins. Services USA, Inc. v. Kyle King and Sherman Ins. Agency, Inc.*, No. 15-CV-4378, 2016 WL 6892108, at *5 (D. Minn. July 29, 2016). Therefore, Plaintiff's argument that bifurcation discovery would be "artificial and inefficient" simply has no merit. Pl. Resp. at 4-5.

Additionally, Defendant has produced evidence regarding Plaintiff's agreement to arbitrate, contrary to Plaintiff's claims otherwise. Pl. Resp. at 8. Plaintiff was exposed to the valid and enforceable clickwrap agreement when, on June 7, 2024, he used his cellular device to input his personal information into Squeeze.com and assented to becoming a Squeeze member. The user flow demonstrating Plaintiff's assent to Squeeze's Terms and Conditions has already been provided to Plaintiff's counsel, both before and after this lawsuit was filed. Accordingly, Plaintiff and his counsel are on notice of the content of the arbitration clause and the method by which Mr. Harris's assent was captured. Plaintiff's self-serving declaration is wholly unsupported, and arbitration should be compelled under the FAA.

C. **Plaintiff cites no binding authority to support his claim regarding substantial overlap in Defendant's proposed discovery phases.**

Plaintiff cites *non-binding* district courts in *non-arbitration* cases to support his claim that discovery regarding the threshold arbitration issue should not be broken into two parts in this

TCPA case. He first cites *Robertson*, but that case is procedurally different because there was no dispute regarding assent to arbitration in *Robertson* as there is here. *Robertson*, No. 2:24-CV-04106, 2024 WL 5046604, at *2 (W.D. Mo. Dec. 9, 2024). Instead, the *Robertson* Defendant sought bifurcation of discovery based on class certification issues. *Id.* Similarly, the Defendants in *Penford Corp.* sought bifurcation of breach of contract and bad faith claims, not arbitration and TCPA claims. *Penford Corp. v. Natl. Union Fire Ins. Co. of Pittsburgh, PA*, No. 09-CV-0013, 2009 WL 2030377 (N.D. Iowa July 13, 2009). Lastly, bifurcation of discovery in *City of Pontiac Gen. Emps'. Ret. System* (another non-arbitration case) was not appropriate and would have likely led to "further delays and complications" because the case had been pending for over three years, while this case is still in its early stages. *City of Pontiac Gen. Emps.' Ret. System v. Wal-Mart Stores, Inc.*, No. 12-CV-5162-SOH, 2015 WL 11120408, at *1 (W.D. Ark. June 18, 2015).

Simply put, the three cases Plaintiff cites in his Response to rebut phasing discovery are not applicable to this arbitration dispute. Likely that is because they were copy-and-pasted from some other case on a different issue, but regardless, they don't move the needle here.

### III.   CONCLUSION

Although the Court should grant the motion to compel arbitration for the reasons set forth in the motion and supporting brief (*See* Docs. 12 and 13), to the extent the Court determines the evidence is insufficient to grant the motion to compel arbitration, the Court should break the discovery period in this action into phases: *first* discovery limited to the issue of contract formation, allowing the parties ninety (90) days to conduct such discovery and *second* relevant to Plaintiff's underlying allegations. The arguments in Plaintiff's Response are specious.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 18, 2025 | Devin R. Bates (Ark. Bar No. 2016184)<br>Abigail Grimes (Ark. Bar No. 2024215)<br>MITCHELL, WILLIAMS, SELIG,<br>GATES & WOODYARD, PLLC<br>425 West Capitol Avenue, Suite 1800<br>Little Rock, Arkansas 72201<br>Telephone: (501) 688-8800<br>Fax: (501) 688-8807<br>*dbates@mwlaw.com*<br>*agrimes@mwlaw.com*<br><br>*and*<br><br>Harley Storrings (*Pro Hac Vice*)<br>STORRINGS LAW<br>3200 N University Dr Ste 203<br>Coral Springs, FL  33065<br>Phone: (954) 302-7148<br>Email: *harley@storringslaw.com*<br><br>*Attorneys for Gulfstream Risk Partners, LLC d/b/a Squeeze Insurance* |