IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DERRANCE HARRIS, on behalf of himself
and others similarly situated                                              PLAINTIFF

v.                    No. 4:25CV00397-JM

GULFSTREAM RISK PARTNERS, LLC
d/b/a SQUEEZE INSURANCE                                                     DEFENDANT

**ORDER**

Derrance Harris has sued Gulfstream Risk Partners, LLC d/b/a Squeeze Insurance ("Squeeze") alleging that he received telemarketing texts from the company despite his phone number being on the National Do Not Call Registry. Squeeze moves to compel the case to arbitration, or alternatively, transfer venue or dismiss the case. (Docket # 12).

Harris brings this suit against Squeeze for alleged violations of the do-not-call regulations of the TCPA, 47 U.S.C. §227(c)(5). The complaint identifies five text messages Harris allegedly received between June 7, 2024 and January 16, 2025. Squeeze argues that these texts were sent in response to Harris's online submission of his contact information and consent to receive text messages when Harris requested free insurance information from Squeeze and became a Squeeze member on June 7, 2024. As part of this submissions, Squeeze claims that Harris agreed to arbitrate all claims against Squeeze arising out of the submission. Accordingly, Squeeze argues that Harris's claims should be compelled to arbitration pursuant to the Federal Arbitration Act.. Harris denies ever visiting a Squeeze website or consenting to any terms.

When considering a motion to compel arbitration, "the district court treats the motion akin to a motion for summary judgment, viewing the record in the light most favorable to the

nonmovant." *Duncan v. Int'l Markets Live, Inc.,* 20 F.4th 400, 403 (8th Cir. 2021).  The Court's "task in this case to determine whether [the parties] had an agreement to arbitrate and, if so, what that agreement covered." *See Foster v. Walmart, Inc.,* 15 F.4th 860, 862 (8th Cir. 2021).

On October 1, 2025, Judge D.P. Marshall examined a similar issue in a case involving this same Plaintiff. *Derrance Harris, on behalf of himself and others similarly situated v. Exto, Inc., d/b/a Atlas,* 4:25CV00268-DPM (E.D. Ark. October 1, 2025).  Judge Marshall found, on similar facts, that a genuine dispute exists as to whether the Plaintiff agreed to arbitrate all disputes or claims arising out of the parties' relationship.  Judge Marshall allowed a few months discovery on the agreement issue after which the Defendant would be allowed to file another motion to compel arbitration.  This Court agrees with the well-reasoned opinion of Judge Marshall.

The Court will allow the parties to conduct limited discovery on the agreement issue.  The limited discovery deadline is January 15, 2026.  Squeeze may file a renewed motion to compel arbitration on or before February 1, 2026.  If the Court does not compel arbitration an Amended Final Scheduling Order will be entered setting a quick trial date.

For these reasons, the motion to compel arbitration, or alternatively, transfer venue or dismiss the complaint, docket # 12 is denied without prejudice to refile.  The motion for phased limited discovery is granted as set forth herein, docket # 20.  The deadlines in the final scheduling order entered August 19, 2025 are vacated. The motion to continue trial is moot, docket # 30.

IT IS SO ORDERED this 21st day of October, 2025.

James M. Moody Jr.
United States District Judge

3