## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

| | |
|---|---|
| DERRANCE HARRIS, on Behalf of Himself and others Similarly Situated<br><br>       Plaintiff,<br><br> v.<br><br>GULFSTREAM RISK PARTNERS, LLC d/b/a SQUEEZE INSURANCE<br><br>       Defendant. | Case No. 4:25-cv-397-JM |

## ANSWER

Defendant Gulfstream Risk Partners, LLC d/b/a Squeeze Insurance ("Squeeze") submits this Answer to the Complaint filed on behalf of Plaintiff Derrance Harris ("Harris").

1. The allegations contained in paragraph 1 of the Complaint are conclusions of law, and Squeeze denies any allegations inconsistent with the applicable law.

2. The allegations contained in paragraph 2 of the Complaint are conclusions of law, and Squeeze denies any allegations inconsistent with the applicable law.

3. The allegations contained in paragraph 3 of the Complaint are conclusions of law, which Squeeze denies.

4. Squeeze denies the allegations in paragraph 4 of the Complaint.

5. Squeeze lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint and therefore denies the allegations.

6.     Squeeze admits it is a limited liability company.  Squeeze denies any remaining allegations in paragraph 6 of the Complaint.

7.     Squeeze denies that this Court has jurisdiction over it in this action because Harris's claims are subject to binding arbitration, and further because the parties agreed to jurisdiction lying in Florida, not Arkansas.  Squeeze denies any remaining allegations in paragraph 7 of the Complaint.

8.     Squeeze denies that this Court has jurisdiction over it in this action because Harris's claims are subject to binding arbitration, and further because the parties agreed to jurisdiction lying in Florida, not Arkansas.  Squeeze denies any remaining allegations in paragraph 8 of the Complaint.

9.     Squeeze denies that this Court has jurisdiction over it in this action because Harris's claims are subject to binding arbitration, and further because the parties agreed to jurisdiction lying in Florida, not Arkansas. Squeeze denies any remaining allegations in paragraph 9 of the Complaint.

10.     The allegations contained in paragraph 10 of the Complaint are conclusions of law, and Squeeze denies any allegations inconsistent with the applicable law.

11.     The allegations contained in paragraph 11 of the Complaint are conclusions of law, and Squeeze denies any allegations inconsistent with the applicable law.

12.     The allegations contained in paragraph 12 of the Complaint are conclusions of law, and Squeeze denies any allegations inconsistent with the applicable law.

13.     The allegations contained in paragraph 13 of the Complaint are conclusions of law, and Squeeze denies any allegations inconsistent with the applicable law.

14.     The allegations contained in paragraph 14 of the Complaint are conclusions of law, and Squeeze denies any allegations inconsistent with the applicable law.

15.     The allegations contained in paragraph 15 of the Complaint are conclusions of law, and Squeeze denies any allegations inconsistent with the applicable law.

16.     The allegations contained in paragraph 16 of the Complaint are conclusions of law, and Squeeze denies any allegations inconsistent with the applicable law.

17.     The allegations contained in paragraph 17 of the Complaint are conclusions of law, and Squeeze denies any allegations inconsistent with the applicable law.

18.     The allegations contained in paragraph 18 of the Complaint are conclusions of law, and Squeeze denies any allegations inconsistent with the applicable law.

19.     The allegations contained in paragraph 19 of the Complaint are conclusions of law, and Squeeze denies any allegations inconsistent with the applicable law.

20.     Squeeze admits it is a licensed insurance agency that offers insurance products. Squeeze admits it sends text messages to subscribers.  Squeeze denies the remaining allegations in paragraph 20 of the Complaint.

21.     The allegations contained in paragraph 21 of the Complaint are conclusions of law, and Squeeze denies any allegations inconsistent with the applicable law.

22.     Squeeze lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore denies the allegations.

23.     Squeeze lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies the allegations.

24.     Squeeze lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies the allegations.

25.    Squeeze lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore denies the allegations.

26.    Squeeze admits it sent Harris text messages.  Squeeze denies any liability.  Squeeze denies any remaining allegations in paragraph 26 of the Complaint.

27.    Squeeze denies the allegations in paragraph 27 of the Complaint.

28.    Squeeze states the images included in the Complaint speaks for themselves and denies any allegations in paragraph 28 of the Complaint inconsistent with those images, or with the events which actually took place.

29.    Squeeze admits it sent Harris text messages after Harris texted "Remove."  Squeeze denies any liability.  Squeeze denies any remaining allegations in paragraph 29 of the Complaint.

30.    The allegations contained in paragraph 30 of the Complaint are conclusions of law, which Squeeze denies.

31.    Squeeze denies the allegations in paragraph 31 of the Complaint.

32.    Squeeze denies the allegations in paragraph 32 of the Complaint.

33.    The allegations contained in paragraph 33 of the Complaint are conclusions of law, and Squeeze denies any allegations inconsistent with the applicable law.

34.    Squeeze denies the allegations in paragraph 34 of the Complaint.

35.    Squeeze denies the allegations in paragraph 35 of the Complaint.

36.    Squeeze denies the allegations in paragraph 36 of the Complaint.

37.    Squeeze denies the allegations in paragraph 37 of the Complaint.

38.    Squeeze denies the allegations in paragraph 38 of the Complaint.

39.    Squeeze denies the allegations in paragraph 39 of the Complaint.

40.    Squeeze denies the allegations in paragraph 40 of the Complaint.

41.     Squeeze incorporates and restates its responses to the allegations in paragraphs 1 through 40 of the Complaint.

42.     Paragraph 42 of the Complaint does not call for a response from Squeeze.  To the extent a response is required from Squeeze, Squeeze admits Harris brings an action against Squeeze.  Squeeze denies any liability.  Squeeze denies this action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure.  Squeeze denies any remaining allegations in paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint does not call for a response from Squeeze.  To the extent a response is required from Squeeze, Squeeze denies this action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure.  Squeeze denies any remaining allegations in paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint does not call for a response from Squeeze.  To the extent a response is required from Squeeze, Squeeze denies this action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure.  Squeeze denies any remaining allegations in paragraph 44 of the Complaint.

45.     Paragraph 45 of the Complaint does not call for a response from Squeeze.  To the extent a response is required from Squeeze, Squeeze denies this action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure.  Squeeze denies any remaining allegations in paragraph 45 of the Complaint.

46.     Paragraph 46 of the Complaint does not call for a response from Squeeze.  To the extent a response is required from Squeeze, Squeeze denies this action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure.  Squeeze denies any remaining allegations in paragraph 46 of the Complaint.

47.     Paragraph 47 of the Complaint does not call for a response from Squeeze.  To the extent a response is required from Squeeze, Squeeze denies this action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure.  Squeeze denies any remaining allegations in paragraph 47 of the Complaint, including subparts (a) through (e).

48.     Paragraph 48 of the Complaint does not call for a response from Squeeze.  To the extent a response is required from Squeeze, Squeeze denies this action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure.  Squeeze denies any remaining allegations in paragraph 48 of the Complaint.

49.     Paragraph 49 of the Complaint does not call for a response from Squeeze.  To the extent a response is required from Squeeze, Squeeze denies this action is appropriate for class treatment under Rule 23 of the Federal Rules of Civil Procedure.  Squeeze denies any remaining allegations in paragraph 49 of the Complaint, including subparts (a) through (d).

50.     Squeeze incorporates and restates its responses to the allegations in paragraphs 1 through 49 of the Complaint.

51.     The allegations contained in paragraph 51 of the Complaint are conclusions of law, and Squeeze denies any allegations inconsistent with the applicable law.

52.     Squeeze denies the allegations in paragraph 52 of the Complaint.

53.     Squeeze denies the allegations in paragraph 53 of the Complaint.

54.     Squeeze denies the allegations in paragraph 54 of the Complaint.

55.     Squeeze denies the allegations in paragraph 55 of the Complaint.

56.     Squeeze incorporates and restates its responses to the allegations in paragraphs 1 through 55 of the Complaint.

57.     Squeeze denies the allegations in paragraph 57 of the Complaint.

58.     Squeeze denies the allegations in paragraph 58 of the Complaint.

59.     Squeeze denies the allegations in paragraph 59 of the Complaint.

60.     Squeeze denies that Harris is entitled to any relief whatsoever, including the relief requested in the paragraph beginning with "Wherefore" at the conclusion of the Complaint, including subparts (a) through (g).

61.     Squeeze denies that Harris is entitled to a jury trial on any issue of law or fact.

62.     Squeeze denies each and every allegation in the Complaint except those specifically admitted in this Answer.

63.     Squeeze joins Harris's request for a jury trial on all matters not disposed of via dispositive motion.

## AFFIRMATIVE DEFENSES

1.     Squeeze affirmatively states that the Complaint must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction because Harris's claims are subject to binding arbitration.  Squeeze reserves all jurisdictional defenses and hereby moves for dismissal of the Complaint under Rule 12(b)(1).

2.     Squeeze affirmatively states that the Complaint must be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction because Harris's claims are subject to binding arbitration.  Squeeze reserves all jurisdictional defenses and hereby moves for dismissal of the Complaint under Rule 12(b)(2).

3.     Squeeze affirmatively states that the Complaint must be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue because Harris's claims are subject to binding arbitration and the parties stipulated to venue in Florida, not Arkansas.  Squeeze

reserves all venue-related defenses and hereby moves for dismissal of the Complaint under Rule 12(b)(3).

4.       Squeeze affirmatively states that the Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. Squeeze reserves all legal defenses and hereby moves for dismissal of the Complaint under Rule 12(b)(6).

5.       Squeeze affirmatively states that the Complaint must be dismissed because Plaintiff provided prior express consent for the text messages.

6.       Squeeze affirmatively states that the Complaint must be dismissed and be compelled to arbitration because a binding and enforceable arbitration agreement exists between the parties. Squeeze does not waive any rights available under the arbitration agreement. In the event Harris wishes to pursue classwide relief, Squeeze intends to assert, and not waive, any rights available under every arbitration clause existing between Squeeze and unnamed class members.

7.       Squeeze affirmatively states that the Complaint must be dismissed because Harris failed to abide by the communicated instructions for opting out of text messages.

8.       Squeeze affirmatively states that the Complaint must be dismissed because it manually handled Harris's request to "Remove" in a reasonable time.

9.       Squeeze reserves the right to amend this Answer and assert additional defenses as permitted by the Federal Rules of Civil Procedure.

Respectfully submitted,

Devin R. Bates, Ark. Bar No. 2016184
Sarah Gold, Ark. Bar No. 2024081
**MITCHELL, WILLIAMS, SELIG**
**GATES & WOODYARD, PLLC**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
Phone: (501) 688-8800
Fax: (501) 688-8807
Email: dbates@mwlaw.com
        sgold@mwlaw.com

**- AND -**

Harley Storrings (*Pro Hac Vice*)
**STORRINGS LAW**
3200 N University Dr Ste 203
Coral Springs, FL  33065
Phone: (954) 302-7148
Email: harley@storringslaw.com